**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5354-17T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

MOHAMMED NABE,

 Defendant-Appellant.

_____

Submitted April 8, 2019 – Decided April 22, 2019

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 09-04-1063.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Tiffany M. Russo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Mohammed Nabe pled guilty in November 2009 to first-degree robbery, N.J.S.A. 2C:15-1. When asked his age by the judge, defendant said under oath "[nineteen]." On the plea form defendant executed, question #17a asked if he was a citizen of the United States. Defendant answered in the negative. Question #17b asked if defendant understood he "may be deported by virtue of [his] plea of guilty[.]" Defendant answered, "Yes." Drawing defendant's attention to the questions and his answers, the judge engaged in an extended colloquy with defendant, during which defendant acknowledged "the very good possibility" he would be deported because of his guilty plea. Defendant then voluntarily and knowingly pled guilty to robbing a bank in December 2008 by threatening the teller with a plastic gun.

Defendant appeared for sentencing in March 2010. In defendant's presence, defense counsel urged the judge to sentence defendant as a second-degree offender. Among other arguments in mitigation, counsel asked the judge to consider defendant was "here illegally. He is going to be deported, most likely. . . . [I]t's just a matter of how much time he has to do before he gets deported . . . ." Again noting defendant was nineteen years of age, the judge sentenced defendant as if he were a second-degree offender to a five-year term of imprisonment, which was less than the prosecutor's recommended sentence,

2

subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. The amended judgment of conviction reflected defendant's date of birth as June 11, 1990. Defendant did not appeal.

In August 2017, defendant filed a pro se petition for post-conviction relief (PCR). In addition to claiming plea counsel never told him he "would get deported by pleading guilty[,]" defendant said he was only seventeen years old at the time of the offense.

The court appointed PCR counsel. Defendant filed a supplemental certification in which he claimed plea counsel knew his true age but never advised defendant to correct it, and that his mother told plea counsel that defendant was born June 11, 1991. Defendant attached his purported birth certificate demonstrating he was born on that date in Conakry, Guinea. Because he was a juvenile at the time of the offense and the prosecutor never sought a waiver of the charge and indictment, defendant asserted his conviction and sentence were illegal. Defendant argued his PCR petition was not time-barred.[1]

_____

[1] Rule 3:22-12(a)(1)(A) generally requires that absent a defendant's "excusable neglect" and the "reasonable probability" that a "fundamental injustice" would result if "defendant's factual assertions were . . . true," a first PCR petition must be filed no more than five years "after the date of entry . . . of the judgment of conviction that is being challenged . . . ." If combined with other forms of cognizable PCR claims, a petitioner may assert the illegality of his sentence. R.

Lastly, defendant certified that he filed his PCR petition when he first became aware that his robbery conviction was the basis for his deportation, and, he was, in fact, deported to Guinea as of the date of his certification, March 15, 2018.

Before the PCR judge, who was not the plea judge, PCR counsel argued the claims in the petition, i.e., there was excusable neglect for the late claim of ineffective assistance of plea counsel, and the sentence was illegal. The judge referenced a February 2009 letter in the court's file from defendant to the plea judge, written while defendant was detained for the robbery charge. Defendant described himself in the letter as "a young, honest, scared [eighteen]-year[-]old kid," repeating his age later in the letter. The judge observed defendant is "either lying now or lying then[,]" but in any event, was "trying to commit upon the [c]ourt a fraud." The judge denied the petition.

Before us, defendant argues:

POINT ONE

THIS MATTER SHOULD BE REVERSED AND REMANDED TO THE PCR COURT FOR A DETAILED OPINION, ADDRESSING ALL ARGUMENTS RAISED IN THE PETITION, AND EXPLAINING WHY THE PETITION WAS DISMISSED WITH PREJUDICE BECAUSE THE

---

3:22-2(c). If not, the claimed illegality of a sentence must be raised by motion pursuant to Rule 3:21-10(b)(5), which may be made at any time. R. 3:21-10(b); R. 3:22-2(c).

PCR COURT FAILED TO DISCUSS ANY OF THE ARGUMENTS RAISED.

While we do not necessarily endorse the PCR judge's terse oral decision, we find no reason to remand the matter. We affirm.

Defendant made no prima facie showing that trial counsel provided ineffective assistance under the two-pronged standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by the Court in State v. Fritz, 105 N.J. 42 (1987). The transcripts of the plea and sentencing proceedings belie any claim that defendant was unaware of the immigration consequences of his plea, or that counsel knew defendant was not an adult at the time. Defendant's statements that plea counsel was aware of the falsity of defendant's representations about his age are nothing but "bare assertion[s] . . . insufficient to support a prima facie case of ineffectiveness." State v. Cummings, 321 N.J. Super. 154, 171 (App. Div. 1999).

Moreover, when he pled guilty, defendant told the court under oath that he was an adult and guilty of first-degree robbery. His PCR certification and the alleged foreign birth certificate do not create a factual dispute that compels an evidentiary hearing to resolve. See State v. Blake, 444 N.J. Super. 285, 299 (App. Div. 2016) (noting a "[d]efendant may not create a genuine issue of fact,

warranting an evidentiary hearing, by contradicting his prior statements without explanation").

Lastly, in State v. Taccetta, the defendant claimed on PCR that plea counsel provided ineffective assistance by not conveying a more favorable plea bargain, while at the same time asserting his innocence. 200 N.J. 183, 186, 188 (2009). In rejecting the argument, the Court held that as a matter of law, the "defendant could not have entered a plea of guilty to the purported" more favorable plea offer. Id. at 194.

> We reach that conclusion for the simple reason that a defendant does not have the right to commit perjury in giving a factual basis for a crime that he insists he did not commit. Therefore, even if defendant met the first prong of the Strickland/Fritz standard — that his counsel was constitutionally ineffective for giving him mistaken advice about the sentencing consequences of proceeding to trial — defendant cannot satisfy the second prong of that standard, which requires a showing of prejudice.
>
> [Id. at 194-95.]

"Our court rules and case law require a factual basis for a plea of guilty, that is, a truthful account of what actually occurred to justify the acceptance of a plea." Id. at 198.

Here, like the PCR judge, we find no reason to provide defendant a vehicle to obtain relief from his conviction and its consequences by permitting

contradiction of his earlier statements made under oath, which necessarily vested the Law Division with jurisdiction. Defendant told the plea judge he was nineteen years of age, which made him an adult at the time of the robbery. By analogy to Taccetta, without a waiver hearing and indictment by the grand jury, defendant could not as a matter of law have legally entered a guilty plea to first-degree robbery if he were a juvenile. His belated assertion that he was not an adult should provide no basis for escape from the significance of his testimony under oath when he pled guilty.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5354-17T4